McEaelaxod, J.,
delivered the opinion of the Court.
The plaintiffs brought this action to recover of the defendant $200, which they allege to be due them under a special contract. This contract, as proven bv Charlton,, one of the plaintiffs, was in substance this: The plaintiffs were real estate agents, and the defendant agreed to pay them $200 provided they would sell for him a certain tract of land for $1,800. The defendant, Wood, was also examined as a witness, and proves the same contract, but with the qualification that he reserved to himself the right, in the meantime, to sell 'the land if he could, in which event the plaintiffs were to receive nothing. The question was submitted to the jury to determine upon the proof whether the plaintiffs had entitled themselves to the $200 by making the sale for $1,800, as stipulated. The jury found for the defendant, a new trial was refused, and an appeal in error prosecuted.
That part of the Circuit Judge’s instruction to the jury excepted to and brought up in the bill of exceptions is entirely free from objection, and as the record shows that other instructions not excepted to were given, we must presume that the additional instructions applicable to the facts were given, especially as the record does not show that any additional charge was asked for and refused.
*25 The facts in proof in regard to the sale are as follows: The plaintiffs, after they undertook, under their contract, to sell the land, caused an advertisement to be inserted in a newspaper published at Knoxville. This was seen by one Calkins, who resided in the State of New York, who thereupon wrote to his brother-in-law, Lea, residing in Knox county, for a more complete description of the land, which Lea obtained from Charlton, and sent him by letter. Cal-kins afterward came to Tennessee, not, however, for the sole purpose of purchasing this land. He did not call upon the plaintiffs, but applied directly to Wood, the defendant, and agreed with him to purchase the land for $1,800, but this contract was not formally executed, and performance was not insisted upon by Wood. But another contract was soon after executed between them, by which Calkins purchased the land from Wood for $1,600.
The question is: Hoes this proof sustain the finding of the jury in favor of the defendant? We think it does. The plaintiffs sue upon the special contract; to entitle them to recover, they must show that they have complied with their part of the agreement, and sold the land for $1,800. This contract cannot be apportioned. Courts can only enforce contracts as the parties themselves made them, and if the plaintiffs chose to make their right to any compensation depend upon effecting a sale for $1,800, then they must abide the contract; and if they failed to make the sale they of course, in that event, lose all their labor and expense in making the effort.
*26 We cannot say upon this proof that they did make the sale, although their efforts were evidently instrumental in enabling the defendant to sell. Upon the assumption which the jury seem to have believed that Wood reserved to himself the right to effect a sale if he could during the time the plaintiffs were empowered to sell, then a sale by him would of course defeat the plaintiffs. However unjust this may seem, if the parties have so stipulated they must abide the result.
It is insisted that the plaintiffs were at least entitled to recover the value of their actual services, or the expense of their advertisement. If, after the plaintiffs had, under their contract, incurred expense in endeavoring to make the sale for $1,800, the defendant, without giving them a reasonable time to accomplish the sale, should put it out of their power to do so by selling the land for a less sum, then it might be a question whether the defendant would not be liable to the losses and expenses incurred by them. But this question does not arise in this case; the suit was not brought for this recovery; no proof was offered showing any amount claimed on this aspect of the case, or how much the recovery should be. And if any instruction was requested from the court on this aspect of the case, no exception was taken to it.
As we can not say that the verdict of the jury is not sustained by the evidence, and there being no error in the charge, the judgment must be affirmed.